[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**August 22, 2005**
**THOMAS K. KAHN**
**CLERK**

_____

No. 05-11197
Non-Argument Calendar

_____

D. C. Docket No. 94-00149-CR-001

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASON PEREZ TAITE,
a.k.a. Jay,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(August 22, 2005)**

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

In September 1994, appellant and eight others were charged in a multiple-

count indictment with trafficking in crack cocaine. On April 24, 1995, pursuant to a plea agreement, appellant pled guilty to Count One of the indictment which alleged a conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846. The plea agreement contained a provision that called for the Government to move the district court pursuant to U.S.S.G. § 5K1.1 to impose a sentence below the Guidelines sentence range in the event appellant provided the Government with "substantial assistance" prior to sentencing.[1] If appellant did not provide such assistance, the Government was required to recommend a sentence at the bottom of the sentence range. Appellant failed to provide the substantial assistance contemplated, so at sentencing, the Government recommended that the court sentence appellant to a prison term of 210 months, the bottom of the Guidelines sentence range of 210-262 months. The court followed the Government's recommendation and sentenced appellant to a prison term of 210 months.

Appellant did not appeal his sentence. Instead, on June 10, 1999, he moved the district court to vacate his sentence pursuant to 28 U.S.C. § 2255 on the ground that the Government had breached the plea agreement (1) by not recommending a

[1] Contrary to what appellant contends in the Fed. R. Crim. P. 35 matter now before us, the plea agreement did not obligate the Government (at some point after sentencing) to move the court pursuant to Rule 35 to reduce his sentence.

2

§ 5K1.1 downward departure at the time of sentencing and (2) by failing to move the court to reduce his sentence pursuant to Fed. R. Crim. P. 35. The court denied his motion. Appellant did not appeal the ruling.

On August 27, 2001, appellant moved the court to compel the Government to file a Rule 35 motion for sentence reduction. The court denied the motion, and appellant did not appeal the ruling. Appellant returned to the court with essentially the same motion on February 9, 2005, and the court denied it on February 14, 2005. Appellant filed a timely Fed. R. Civ. P. 59(e) motion to alter or amend the February 14 ruling. The court denied the motion, and appellant took this appeal.

In his brief, appellant contends (1) that the district court erred when, without holding an evidentiary hearing, it denied his motion to compel the Government to file a Rule 35 motion, (2) that the Government breached the plea agreement by failing to file a § 5K1.1 motion prior to sentencing, and (3) that his guilty plea was involuntary because he did not "know the consequences of his plea in light of being deprived of the expected downward departure."

Appellant should have raised the § 5K1.1 issue at sentencing, but did not. He did raise it along with the Rule 35 issue in the § 2255 motion he filed on June 10, 1999, which, as noted above, the court denied. What appellant alleges in the motion before us is essentially what he alleged in the § 2255 motion he filed on

3

June 10, 1999. That motion sought the same relief his current motion seeks: the enforcement of a plea agreement allegedly containing the Government's promise to file a § 5K1.1 motion at sentencing or a Rule 35 motion post sentencing.[2] Appellant's current motion is, though brought under Rule 35 rather than § 2255, nothing more than a successive § 2255 motion. The district court lacked jurisdiction to entertain the motion because appellant had not obtained this court's leave to file it pursuant to 28 U.S.C. § 2255.

We therefore affirm the district court's decision on the ground that the district court lacked subject matter jurisdiction to entertain appellant's motion.

SO ORDERED.

---

[2] We note in passing that appellant's overstates the Government's § 5K1.1 promise and that the plea agreement is silent as to Rule 35, meaning that the Government has no obligation to file a Rule 35 motion.